

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 19, 1959

Dr. J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Dear Dr. Edgar:

Opinion No. WW-648

Re: Validity of certain
action taken at a
meeting of trustees
of an Independent
School District sub-
sequent to the elec-
tion but prior to the
qualification of newly
elected trustees who
were not notified of
and did not attend
said meeting.

Your request for an opinion recites that three
new trustees were elected to the Board of Trustees of
an Independent School District on April 4, 1959. On
April 14, 1959, six members of the old Board met at a
special called meeting. Verbal notification of the
meeting was given by the principal of the school to all
seven former members of the Board. The seventh member,
one of those defeated in the election, did not attend.
One candidate elected on April 4, 1959, was present at
the meeting and sought permission to sit in, because he
had been elected and the business appearing on the agenda
therefor involved next year's business. The Board voted
to go into executive session, six voted therefor and the
newly elected member was asked to leave. The president
of the old Board (defeated at the election) presided
throughout.

Your letter recites that the minutes of the
April 14 meeting show that the Board read and approved
minutes, canvassed election returns, hired teachers,
recommended bus driver, employed cafeteria workers, em-
ployed janitor and approved classification of district
as a ten grade school. All teachers were given an addi-
tional extended year on their contract and two whose
contracts expired this year were each given two-year
contracts. The principal's contract was extended one
more year for a total of three.

The three new Board members were notified of their election on April 23, by letter postmarked April 22.

The newly elected trustees questioned the validity of the April 14 meeting called for purposes other than canvassing of the election returns, since they were not notified of the meeting and were not given opportunity to participate as newly elected members in the transaction of school business affecting the operation of the district for the ensuing years.

Article 2750a-1, Vernon's Civil Statutes, reads as follows:

"Trustees of any Common School District or Consolidated Common School District shall have authority to make contracts for a period of time not in excess of two (2) years with principals, superintendents, and teachers of said Common School Districts or Consolidated Common School Districts, provided that such contracts shall be approved by the County Superintendent. No contract may be signed by the Trustees of Common School Districts or Common Consolidated School Districts until the newly elected trustee or trustees have qualified and taken the oath of office." (Emphasis ours)

The foregoing Article prohibits trustees of Common School Districts or Common Consolidated School Districts from signing contracts with teachers subsequent to the date of the trustee election and prior to the date of qualification of newly elected members of the Board. This Article, however, is not applicable to Independent School Districts. We find no provision of the statutes which so restricts the authority of the Board of Trustees of an Independent School District.

Attorney General's Opinion O-765 (1939) held that valid contracts with principals, superintendents and teachers, not in excess of the period authorized by statute, may be executed by a majority of the Board of Trustees of a Condolidated School District although such contracts are signed after an election for trustees has been held in the district and before the newly elected trustees have qualified and taken the

Dr. J. W. Edgar, page 3 (WW-648)

oath of office. This opinion was written prior to the enactment of Article 2750a-1 in 1941.

Since the Legislature has not seen fit to restrict the contracting authority of Boards of Trustees of Independent School Districts prior to the qualification of newly elected trustees, as it has done in the case of Common School Districts and Common Consolidated School Districts, we are compelled to hold that the action taken by the Board of Trustees at the April 14 meeting is not illegal merely because taken prior to the qualification of the new Board members. Article 2779 of Vernon's Civil Statutes authorizes and directs that the trustees shall meet within twenty days after the election or as soon thereafter as possible for the purpose of organizing. We find no statutory restrictions upon the authority of the old Board to administer the affairs of the school district until such time as the election returns have been canvassed, certificates of election issued to the newly elected members and the latter have qualified. According to your request, it appears that these steps were accomplished in the manner and within the time prescribed by law in the instant case.

### SUMMARY

Business transacted and contracts entered into by a Board of Trustees of an Independent School District, under the facts stated, are not illegal merely because occurring subsequent to the election of three (3) new trustees but prior to their qualifying for office.

Very truly yours,

WILL WILSON
Attorney General of Texas

By *Leonard Passmore*

Leonard Passmore
Assistant

LP:rm:mfh

Dr. J. W. Edgar, page 4 (WW-648)


APPROVED:

OPINION COMMITTEE
C. K. Richards, Chairman

J. Milton Richardson
Marvin H. Brown, Jr.
Marvin R. Thomas, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY:  W. V. Geppert